IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LEMUEL ROBERT HALL                                                             PLAINTIFF

v.                      Civil No. 4:10-cv-04005

JOHN F. STROUD, III                                                   DEFENDANT

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, Lemuel Robert Hall (hereinafter Hall), filed this civil rights action pursuant to the provisions of 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2007), the Honorable Harry F. Barnes, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation. The case is before me for pre-service screening under the provisions of the *in forma pauperis* statute. On review, the court is to dismiss the complaint, or any portion of the complaint, that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

**Background**

According to the allegations of the complaint (Doc. 1) and addendum (Doc. 4), Defendant, John F. Stroud, III (hereinafter Stroud), was appointed to represent Hall in the criminal case *United States v. Hall,* 4:08-cr-40004-01.[1] Hall was dissatisfied with Stroud's representation of him and states he asked the Court to appoint another attorney to represent him. Specifically, Hall alleges Stroud

---

[1] On January 22, 2008, the Court appointed Craig L. Henry to represent Hall. On September 1, 2009, Mr. Henry moved to withdraw as Hall's counsel citing an "acrimonious" relationship between Hall and Mr. Henry that prevented effective representaion. The Court granted the Motion to Withdraw and appointed Stroud as counsel for Hall on September 9, 2009.

ignored the Federal Rules of Criminal Procedure and did not voice one word in Hall's defense. Hall maintains Stroud threatened, coerced, and applied undue pressure to convince Hall to enter a guilty plea. Stroud in fact filed a Motion to Withdraw as counsel on January 4, 2010, citing a "fractured" relationship with Hall. The Court held a hearing on January 8, to consider the Motion to Withdraw. At the hearing the Court initially granted Stroud's request to withdraw. Hall then indicated he was in fact satisfied with Stroud's representation and wanted to proceed with a guilty plea.

The docket sheet in *United States v. Hall,* 4:08-cr-40004-01 indicates Hall entered a plea of guilty on January 8, 2010. The Plea agreement reflects Hall pled guilty to two counts of the five count indictment and Government agreed to recommend a term of probation as the sentence. The plea agreement also recited that Hall's decision to enter a plea of guilty was "not the result of threats or coercion" directed at him by any person. At the sentencing on the same day the Court imposed a term of three years unsupervised probation on Hall.

Hall maintains Stroud violated his Sixth Amendment right to be represented by competent counsel. As relief, Hall asks for $25 million in damages. He further asks that Stroud be required to face criminal charges and that he be disbarred.

## Discussion

This case is subject to dismissal. To state a claim under § 1983, a Plaintiff must allege that the Defendant, while acting under color of state law, deprived him of a federal right. In *Polk County v. Dodson*, 454 U.S. 312, 325, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981), the Supreme Court held that a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to indigent defendants in state criminal proceedings.

Here, Stroud was appointed as counsel in a federal case. A case against a federal officer is brought under the provisions of *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971)(Plaintiff must allege that his constitutional rights were violated by a federal officer acted under color of federal law). The Supreme Court's holding in *Polk County* has been applied to court appointed counsel in federal cases. For example, the court in *Cox v. Hellerstein*, 685 F.2d 1098, 1099 (9th Cir. 1982) held that: "If a public defender does not act under color of state law in representing an indigent defendant in a state criminal proceeding, it follows that a public defender does not act under color of federal law in performing the identical functions as a lawyer to an indigent defendant in a federal criminal proceeding.". It is clear Hall's allegations cannot proceed as Stroud was not a Government actor in this case.

## Conclusion

For the reasons stated, I recommend that this action be dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(I)- (iii) (*in forma pauperis* action may be dismissed on such grounds at any time).

**Hall has fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Hall is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **4th day of February 2010.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE